F I L E D
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y.

★ NOV 16 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD BELL,

             Plaintiff,

-against-

GENERAL BUILDING LABORER & HIRING
HALL LOCAL #66,

             Defendant.
----------------------------------------------------------X

**ORDER**
15-CV-00699 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R," ECF No. 27) from Magistrate Judge Shields recommending that the Court dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated October 24, 2016, at 5-6.) Defendant served the R&R on plaintiff on October 25, 2016. (ECF No. 28.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and dismisses plaintiff's complaint with prejudice.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and*

Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives."

*Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461(2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)). Further, "[w]hen a party changes addresses, it is his or her obligation to notify the Court of the new address." *Garcia v. Hynes*, No. 08 Civ. 2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar. 31, 2009) (citing *Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)) (citing Local Civil Rule 1.3(d) and holding "[t]he responsibility for keeping the court informed of changes of address rests with the petitioner.").

Here, plaintiff has failed to communicate with the Court since July 7, 2015 and failed to comply with multiple orders commanding plaintiff to appear for scheduling and status conferences. *See* R&R at 2-3. Plaintiff was also warned that failure to respond to the Court may result in dismissal for failure to prosecute. *Id.* In short, having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the analysis and recommendation contained in the well-reasoned and thorough R&R in their entirety.

The Court dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Joseph F. Bianco
United States District Judge

Dated: November 16, 2016
Central Islip, New York